

One Grand Central Place  |  60 East 42nd Street  |  51st Floor
New York, New York  10165
Tel 212-453-5900  |  Fax 212-453-5959

Writer's Direct Dial:

JEFFREY G. DOUGLAS
212-453-5927
JDouglas@fordharrison.com

August 2, 2018

**VIA ECF**
Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**   *Malancea v. MZL Home Care Agency LLC*
              <u>Docket No. 18-cv-00732 (CBA) (CLP)</u>

Dear Magistrate Judge Pollak:

      This firm represents Defendant MZL Home Care Agency LLC ("Defendant") in the above-referenced wage and hour matter. We write pursuant to Your Honor's Individual Motion Practices and Rules and in opposition to Plaintiff's Motion to Compel Discovery. (Dkt. No. 33). For the reasons set forth below, Defendant contends that Plaintiff's Motion to Compel Discovery must be denied.

      First, Plaintiff's counsel misrepresents Defendant's position regarding discovery. Defendant does not believe that discovery is stayed, but rather that at this point it is limited in scope to the information and documentation addressed in Your Honor's Initial Conference Order. (Dkt. No. 19). In Your Honor's Initial Conference Order dated April 23, 2018, Your Honor limited discovery at this stage in the litigation to the exchange of "payroll records and paystubs, along with relevant records" prior to the next conference which initially was scheduled for June 8, 2018.[1]

      At the initial conference, Your Honor facilitated a discussion highlighted by the fact that Plaintiff's entire Fair Labor Standards Act damages consisted of alleged unpaid overtime for a total of *two hours*.[2] As such, Your Honor made clear the Court's view that it was premature to enter the proposed scheduling order previously discussed by the parties as well as premature to discuss the extensive electronically stored information (ESI) sought by Plaintiff. Your Honor then

---

[1] Subsequently, the parties requested an adjournment of the June 8th conference. Your Honor rescheduled the conference for July 11th. However, in the interim the parties requested an extended briefing schedule for Plaintiff's Motion for Conditional Certification, which is due to be fully briefed tomorrow, August 3, 2018. As such, Your Honor postponed the July 11th conference *sine die*.

[2] In this regard, Plaintiff acknowledges that she was paid her $10 per hour "straight time" rate for these two hours and therefore any alleged underpayment consisted solely of the half-time premium for two hours of overtime (i.e. $10 plus an additional $10 in liquidated damages).

Hon. Cheryl L. Pollak
August 2, 2018

issued the Initial Conference Order relating to the exchange of Plaintiff's payroll documents and permitting Plaintiff to move for conditional certification.

Following the initial conference, Defendant produced Plaintiff's payroll and other personnel documents in accordance with Your Honor's Order. Nevertheless, on May 8, 2018, Plaintiff served extensive document demands and interrogatories. In order to preserve Defendant's rights and comply with Your Honor's limited discovery Order, on June 15, 2018, Defendant responded, but limited its responses and production to payroll related documents and some basic ESI background information. On July 17, 2018, Plaintiff requested a "meet and confer" to discuss "Defendant's discovery deficiencies." In advance of the "meet and confer" Defendant requested the topics Plaintiff planned to address. At that time, Plaintiff provided an extensive outline of topics citing alleged deficiencies including objections to class information, extensive ESI, expert disclosures, and raising issues with Defendant's objections. Based on the outline provided, Defendant understood that Plaintiff sought to obtain documentation and information considerably outside the letter and spirit of Your Honor's April 23rd Order. Defendant advised Plaintiff's counsel of its view that Plaintiff's demands were inconsistent with the Court's directives, which prompted Plaintiff's current motion.

Importantly, in addition to the Court's April 23rd Order and the discussion with the Court at the initial conference, last week, Defendant filed a motion with the Court for leave to deposit Fifty Dollars ($50), an amount in excess of Plaintiff's FLSA damages, with the Court and for permission to enter judgment as to Plaintiff's FLSA claims. (Dkt. No. 32). Defendant contends that once this process is complete, Plaintiff's FLSA claims will be moot.

We thank the Court for its attention to this matter.

Sincerely,
*s/ Jeffrey Douglas*
JEFFREY G. DOUGLAS

JGD

cc:    All counsel of record (*via* ECF)

WSACTIVELLP:9935076.1