UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VIORICA MALANCEA, *individually and on behalf of all others similarly situated*,

                             Plaintiffs,

             -against-

MZL HOME CARE AGENCY LLC,

                             Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18 CV 00732 (CBA) (CLP)

**POLLAK**, United States Magistrate Judge:

On February 1, 2018, plaintiff Viorica Malancea ("plaintiff") commenced this action on behalf of herself and on behalf of all other similarly situated employees of defendant MZL Home Care Agency LLC ("defendant"), seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and under the New York Labor Law ("NYLL") § 650, et seq.

On June 7, 2018, plaintiff filed a motion to certify an FLSA collective action. Plaintiff requests the following: (1) conditional certification of the collective pursuant to 29 U.S.C. § 216(b); (2) an Order directing defendant to produce the contact information of home health aides who worked for the agency; (3) authorization for plaintiff to distribute the Notice, Reminder Notice, and pre-paid opt-in forms to former and current home care workers; (4) an Order directing defendant to post the Notice, along with the consent forms and the Reminder Notice, at its offices in a place where all employees are likely to see them; (5) permission to publish the Russian version of the Notice in local Russian periodicals; and (6) a tolling of the FLSA statute of limitations for potential opt-in plaintiffs from June 7, 2018 until ten days after the district court rules on this motion.

On July 26, 2018, defendant filed a motion requesting leave to deposit funds. On the same day, plaintiff filed a motion to compel discovery from defendant. On August 3, 2018, the Honorable Carol Bagley Amon referred the motion to deposit funds to the undersigned.

For the reasons set forth below, the Court respectfully recommends that plaintiff's motion to certify an FLSA collective action be denied without prejudice, and that the motion to deposit funds be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant MZL is a home health care agency whose workers provide home-based aid to individuals in need of assistance. (Compl.[1] ¶ 1). Defendant explains that each of its home health aides formulate "plans of care" that are individually tailored to the clients. (Def.'s Mem.[2] at 3). Plaintiff Malancea was employed by defendant as a home health aide from approximately October 2014 until approximately August 2015. (Compl. ¶¶ 9, 10). Plaintiff alleges that defendant failed to pay its home care workers proper overtime wages and the total minimum compensation required under the Wage Parity Law. (Id. ¶¶ 2, 43). Specifically, plaintiff asserts that she worked 42 hours the week of April 25, 2015, and only received $10 for each additional hour over 40, instead of the legally required $15.00 per hour. (Pl.'s Mem.[3] at 6).

As a result of these alleged violations, plaintiff filed this motion to certify a conditional collective action. In moving for conditional certification of a collective action, plaintiff seeks to define the proposed collective as individuals who worked for defendant as home care workers

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on February 1, 2018, ECF No. 1.
[2] Citations to "Def.'s Mem." refer to Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification and Court-Facilitated Notice, submitted on July 6, 2018, ECF No. 31.
[3] Citations to "Pl.'s Mem." refer to Plaintiff's Memorandum of Law in Support of Motion for Conditional Certification and Court-Facilitated Notice, filed on June 7, 2018, ECF No. 24.

between February 1, 2015 and the date of final judgment in this matter. (Id. at 5). Defendant opposes such a motion, arguing that defendant's home health aides are not similarly situated to one another. (Def.'s Mem. at 1). Defendant argues that plaintiff's entire lawsuit is based on only two hours of time worked for which plaintiff alleges that she did not receive proper payment. (Id. at 4). Defendant then provides two explanations for why it did not pay overtime compensation for those two hours. First, it contends that there was no legal requirement to pay plaintiff overtime, based on its interpretation of when the companionship exemption was narrowed. (Id.) Second, defendant argues that those two hours constituted in-service training, and the Collective Bargaining Agreement provided that such training would be paid at the straight time rate. (Id.) Therefore, defendant contends that any violation of the FLSA was not willful, and thus there is only a two year, not a three year, statute of limitations, effectively barring plaintiffs' claims. (Id.)

On July 26, 2018, defendant filed a letter to deposit funds. In its letter, defendant requested leave to pay plaintiff $50, which it alleges is more than the relief sought by plaintiff in Count I of the Complaint. (Def.'s 7/26/18 Mot.[4] at 2). Plaintiff opposed the motion, indicating that she rejected defendant's Rule 68 Offer of Judgment. (Pl.'s 8/2/18 Opp.[5] at 2). Plaintiff asserts that case law within this Circuit establishes that an unaccepted offer is considered withdrawn. (Id. (citing cases)). Moreover, plaintiff asserts that defendant's offer does not fully satisfy her claims, as she is also seeking injunctive and declaratory relief. (Id.) Plaintiff further argues that even if defendant's motion to deposit funds was pursuant to Rule 67 of the Federal

---

[4] Citations to "Def.'s 7/26/18 Mot." refer to defendant's motion for leave to pay funds, filed on July 26, 2018, ECF No. 32.
[5] Citations to "Pl.'s 8/2/18 Opp." refer to plaintiff's opposition to defendant's motion to deposit funds, filed on August 2, 2018, ECF No. 35.

Rules of Civil Procedure, rather than Rule 68, such a motion is improper based on case law in this Circuit. (Id.) Finally, plaintiff refers to cases that have denied such a motion to deposit funds, reasoning that the plaintiff must be given a fair opportunity to move for class certification. (Id.)

On July 26, 2018, plaintiff also filed a motion to compel discovery. Plaintiff explains that defendant wrongly asserted that discovery was stayed based on an Order of the undersigned. Defendant states that it does not believe that discovery is stayed, but rather that it was limited in scope by the Court.

The Court addresses each of these issues in turn.

## DISCUSSION

I. Conditional Collective Action Certification

A. Legal Standard for Conditional Certification Under FLSA Section 216(b)

Under the FLSA, employers are required to compensate covered employees for all work performed, including overtime, in order to prevent "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. §§ 202(a), 207(a)(1); see also Reich v. New York City Transit Auth., 45 F.3d 646, 648-49 (2d Cir. 1995) (citations omitted). Pursuant to Section 216(b) of the FLSA, an employee may bring an action "'to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.'" Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

Under the statute, an employee may bring a collective action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, unlike a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action brought under the FLSA may be brought only on behalf of those employees who affirmatively "opt in" by giving consent in writing to become a party to the action. Id.; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 103-04; see also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005).

Courts use a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate. See Castro v. Spice Place, Inc., No. 07 CV 4657, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009). The first step involves "looking to the pleadings and affidavits to determine whether plaintiffs have satisfied 'the minimal burden of showing that the similarly situated requirement is met.'" Id. (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)). To meet this burden, "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. at 261). The standard for approval under Section 216(b) is "'considerably less stringent'" than the requirements for class certification under Federal Rule of Civil Procedure 23. Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d 450, 454 (E.D.N.Y. 2011) (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001)). "Although the Second Circuit has yet to prescribe a particular method for determining whether members of a putative class are similarly situated, district courts in this circuit look to the '(1) disparate factual and employment settings of the individual plaintiffs; (2)

5

defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class.'" Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (quoting Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)).

"The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are 'actually similarly situated.'" Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d at 454 (quoting Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009)) (internal quotation marks omitted). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Bifulco v. Mortgage Zone, Inc., 262 F.R.D. at 212 (quoting Hens v. ClientLogic Operating Corp., No. 05 CV 381S, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006)) (internal quotation marks omitted).

If plaintiffs meet the "fairly lenient standard" required by the first step in the analysis, the court will typically grant "conditional certification" and authorize notice to potential plaintiffs. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367. Although the statute has no specific provision for issuing such notice, the Supreme Court in Hoffman-LaRoche Inc. v. Sperling held that it was appropriate for courts to authorize such notice under the FLSA in order to serve the "broad remedial goal" of the Act. 493 U.S. 165, 171-173 (1989); see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 335-36 (2d Cir. 1978) (holding that a district court "has the power to order that notice be given to other potential members of the plaintiff class under the 'opt-in' provision of the [FLSA]"); Hoffman v. Sbarro, Inc., 982 F. Supp. at 261, n.15.

6

The burden is significantly less than that required to sustain a class certification motion under Rule 23 because the FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join the action and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated. See Patton v. Thomson Corp., 364 F. Supp. 2d at 267; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 104. After discovery, the court then looks at the record again to "'make[] a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified.'" Castro v. Spice Place, Inc., 2009 WL 229952, at *2 (quoting Lee v. ABC Carpet & Home, 236 F.R.D. at 197). Accordingly, the Court's analysis focuses on whether plaintiffs are similarly situated to the putative class members.

B. Analysis

Plaintiff moves for conditional certification, arguing that she has demonstrated that she is similarly situated to the proposed collective of home health aides that she seeks to represent and thus she has made the modest factual showing required for certification. (Pl.'s Mem. at 12). In response, defendant argues that plaintiff has not met her modest showing. (Def.'s Mem. 8-9).

1. Whether Plaintiff Is Similarly Situated to Other Employees

Plaintiff claims that she has satisfied "the first stage's 'minimal' burden of showing that similarly situated home care workers exist for purposes of conditional certification." (Pl.'s Mem. at 12). The term "similarly situated," although not defined in the FLSA, has been interpreted to require only a "modest factual showing sufficient to demonstrate that [the named plaintiffs] and potential plaintiffs together were victims of a common policy or plan that violated the law." Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d at 343, 346 (E.D.N.Y. 2015) (quoting Myers v.

7

Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)). Courts do not require proof of an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 58 (E.D.N.Y. 2011) (quoting Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007)). This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiffs. Id. (citing cases); Hallissey v. America Online, Inc., No. 99 CV 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (holding that "[p]laintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members"). However, "the required 'modest factual showing' necessary for conditional certification 'cannot be satisfied simply by unsupported assertions.'" Cowell v. Utopia Home Care, Inc., No. 14 CV 736, 2016 WL 4186976, at *5 (E.D.N.Y. Aug. 8, 2016) (quoting Myers v. Hertz Corp., 624 F.3d at 555).

Plaintiff argues that her Complaint, her declaration, and the allegations made in another lawsuit against defendant suffice to satisfy her "minimal" burden of showing that she is similarly situated to the putative collective plaintiffs. (Pl.'s Mem. at 12). In support of her motion, plaintiff submitted an affidavit of her attorney with the following exhibits: (1) plaintiff's declaration, both in its original Russian and translated into English; (2) plaintiff's proposed Notice; (3) plaintiff's proposed Reminder Notice; (4) an article about the high rate of turnover in the caregiver industry; (5) plaintiff's proposed Publication Order; (6) the summons and complaint in Lutfieva v. MZL Home Care Agency, LLC, No. 159740/2017, Dkt. No. 1 (Sup. Ct. N.Y. Cnty., Nov. 1, 2017); and (7) plaintiff's pay stub for the week of April 25, 2015 to May 1, 2015, with a pay date of May 8, 2015.

According to plaintiff, the pay stub shows that although she worked two hours over 40 hours that week, she did not receive overtime compensation. (Wittels Decl., Ex. A[1]). Moreover, plaintiff relies on the Lutfieva case, a New York State wage and hour case currently pending against defendant, as further evidence of defendant's widespread pay practices. (Pl.'s Mem. at 12-13 (citing Lutfieva v. MZL Home Care Agency, LLC, No. 159740/2017, Dkt. No. 1 (Sup. Ct. N.Y. Cnty., Nov. 1, 2017)). Although the Lutfieva case is grounded in New York Labor Law, plaintiff asserts that it establishes that defendant's pay practices "are implemented at the company level as opposed to the level of individual employees." (Id. at 13).

Plaintiff notes that courts in this Circuit have granted conditional certification on less evidence than what she has provided. She contends that courts in this Circuit have granted conditional certification only relying on the plaintiff's complaint, the complaint and one or two affidavits, or "on very little more than a minimal evidentiary-type showing." (Pl.'s Mem. at 9; Pl.'s Reply[6] at 5).

Defendant argues that plaintiff has not met the minimal burden required at this stage. Defendant contends that plaintiff was not paid overtime for only two hours "throughout her entire employment" and refers the Court to all of plaintiff's pay stubs to support its claim. (Def.'s Mem. at 3-4; Davidoff Decl., Ex. D[7]). Moreover, defendant argues that plaintiff has only

---

[6] Citations to "Pl.'s Reply" refer to plaintiff's Reply Memorandum of Law in Support of Motion for Conditional Certification and Court-Facilitated Notice, filed August 3, 2018, ECF No. 36.

[7] Citations to "Davidoff Decl., Ex. D" refer to plaintiff's pay stubs during her employment with defendant, attached as Exhibit D to the Declaration of Philip K. Davidoff in Support of Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification, filed July 6, 2018, ECF No. 30.

submitted her own declaration, and has not identified any other employees who did not receive proper overtime compensation. (Id. at 9).

In response, plaintiff acknowledges that she rarely interacted with other employees, due to the fact that she worked alone in her clients' homes. (Pl.'s Reply at 4-5). According to plaintiff, this isolated environment is "precisely why" the Court's assistance is required in reaching other similarly-situated employees. (Id.) Plaintiff also reiterates that at this juncture, only minimal evidence is required to show that conditional certification is warranted. (Id. at 5).

Having carefully considered plaintiff's submissions, the Court finds that plaintiff has not met her burden. First, although plaintiff claims that she did not receive overtime pay, it appears that her claim for unpaid overtime is limited to only two hours. In plaintiff's declaration, she states, "I was not paid overtime at $15.00 an hour from January 1, 2015 until the end of my employment in August 2015. At least one of my pay stubs confirm this." (Wittels Decl., Ex. 1[1] ¶ 3). However, plaintiff submitted only one week's pay stub as part of her motion, showing that she worked 42 hours during the week of April 25, 2015. (See Wittels Decl., Ex. A). In response, defendant submitted all of her pay stubs while she was employed by defendant. (See Davidoff Decl., Ex. D). These pay stubs contradict her broader allegation as set forth in her Complaint that she was not paid overtime from January 1, 2015 through August 2015, and instead, show that she only worked more than 40 hours per week during that one week. Nowhere in her papers or in her Reply does plaintiff dispute defendant's position that her overtime claim is limited to this one occasion for a total of two hours. Indeed, plaintiff's papers are devoid of any other information as to her schedule, wages paid, or the number of hours she worked in any other week during which she worked for defendant. A plaintiff need not demonstrate that she was not paid

10

overtime for a particular number of hours in order to overcome the burden at this stage, but the Court finds that her claim regarding these two hours suggests that the alleged wage violations were limited in scope rather than pursuant to a common plan or policy.[8]

In addition, plaintiff fails to adequately demonstrate that there are other similarly situated home health aides who work for defendant. Although plaintiff provides the complaint of a New York state wage and hour case currently pending against defendant, that alone is not sufficient to demonstrate that the individuals who are parties to that case are similarly situated to plaintiff. According to the state complaint, the plaintiff in Lutfieva worked 24-hour shifts and claimed that she was paid for only thirteen hours of her 24-hour shift. (See, e.g., Wittels Decl., Ex. 6 ¶¶ 18-28). This claim in Lutfieva is substantially different from plaintiff's case, where she appears from the pay stubs to have generally worked 40 hours per week with the exception of the one pay period when she worked two additional hours. Without more information, the complaint from the state case is insufficient to establish that employees who worked 24-hour shifts are similarly situated to plaintiff Malancea and have similar claims of overtime violations. Although plaintiff claims that the nature of her work environment prevents her from speaking with coworkers, the Court notes that plaintiff and her attorney were clearly aware of this separate lawsuit, but were

---

[8] The Court notes that "[t]o plead a plausible FLSA overtime claim, [plaintiff] must provide sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). Alleging that she "worked hours exceeding 40 hours per week" without proper overtime compensation (Compl. ¶¶ 20, 22), and providing one week's pay stub is not sufficient to support a common policy or plan by defendant.

still unable to find any other employee to support this claim that employees were subjected to a common policy or plan that violated the FLSA. See Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 696 (N.D.N.Y. 2015) (recognizing that "the fairly minimal burden for preliminary certification does not necessarily require submission of affidavits from multiple employees," but stressing that "a plaintiff must still provide more than the uncorroborated statements of the single named Plaintiff to support the claim that there are other workers who were similarly situated to the Plaintiff for the purposes of an FLSA suit") (internal citation omitted); see also Mendoza v. Casa de Cambio Delgado, Inc., No. 07 CV 2579, 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) (denying collective certification when "[t]he principal defect in [plaintiffs'] affidavits for collective certification is that not one Plaintiff affidavit purports a factual nexus with other putative employees of the [defendants]"). Here, plaintiff's uncorroborated assertion that she is similarly situated to other home health aides, without reference to a single individual other than herself, is insufficient to justify collective certification. See Hypolite v. Health Care Servs. of New York Inc., 256 F. Supp. 3d 485, 495–96 (S.D.N.Y. 2017) (finding plaintiff did not meet her burden in part because "[t]he plaintiff's declaration and pleadings are self-focused; they offer no nonspeculative basis to assess the defendants' compensation practices with respect to any other home health aide").

Therefore, for the reasons stated above, the Court finds that plaintiff has not overcome her burden at this stage. Accordingly, it is respectfully recommended that plaintiff's motion for conditional certification and court-authorized notice be denied without prejudice to renew at a later date upon a fuller record. As a result, the Court does not address the other issues raised in plaintiff's motion, such as the time period of the collective action or her proposed Notice.

II.    <u>Motion to Deposit Funds</u>

On July 26, 2018, defendant filed a motion requesting leave to pay fifty dollars to the district court, which it asserts is "more than the complete relief sought by Plaintiff in Count I." (Def.'s 7/26/18 Ltr. at 1). Defendant explains that the remaining counts in plaintiff's Complaint "are not the subject of this motion [and] arise under the laws of New York State." (<u>Id.</u>) Plaintiff responded on August 2, 2018, explaining that she rejected defendant's initial Rule 68 Offer of Judgment for $50.00. (Pl.'s Opp. at 2). Plaintiff argues that defendant's current motion is an attempt to "pick-off" plaintiff and moot the FLSA collective action. (<u>Id.</u> at 1). Defendant does not state the legal basis for this motion, while plaintiff discusses both Rule 67 and Rule 68 of the Federal Rules of Civil Procedure. Accordingly, the Court will analyze the motion in light of both rules.

    A.  <u>Legal Standard</u>

Rule 67(a) of the Federal Rules of Civil Procedure provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). "Rule 67 is a procedural device . . . intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute" and, accordingly, "may not be used to effect a legal transfer of property between litigants." <u>Prudential Ins. Co. of Am. v. BMC Indus., Inc.</u>, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986).

Rule 68(a) of the Federal Rules of Civil Procedure provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within

13

> 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). According to the rule, "[a]n unaccepted offer is considered withdrawn." Fed. R. Civ. P. 68(b).

In Campbell-Ewald Company v. Gomez, the Supreme Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016). The Supreme Court, however, did not decide whether "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." Id. Since that decision, district courts have generally denied the defendants' attempts to deposit funds in order to moot the plaintiffs' claims, based on the Supreme Court's insistence that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." Id.; see also Bell v. Survey Sampling Int'l, LLC, No. 3:15 CV 1666, 2017 WL 1013294, at *5 (D. Conn. Mar. 15, 2017) (denying defendant's motion to deposit funds and "concluding that full tender does not moot a putative class action prior to a decision on class certification"); Maddox v. Bank of New York Mellon Tr. Co., No. 15 CV 01053, 2016 WL 4541587, at *4 (W.D.N.Y. Aug. 31, 2016) (same); Tegtmeier v. PJ Iowa, L.C., 189 F. Supp. 3d 811, 826 (S.D. Iowa 2016) (collecting FLSA cases).

In Brady v. Basic Research, L.L.C., the Honorable Sandra J. Feuerstein of this court denied defendants' motion to deposit funds pursuant to Rule 67 of the Federal Rules of Civil Procedure. 312 F.R.D. 304, 306 (E.D.N.Y. 2016). The court found that granting the defendants' motion was not warranted in light of the fact that plaintiffs "must be accorded a fair opportunity to show that certification is warranted." Id. (emphasis in original) (quoting Campbell-Ewald

14

Company v. Gomez, 136 S. Ct. at 672).

Likewise, the court in Bais Yaakov of Spring Valley v. Graduation Source, LLC, 167 F. Supp. 3d 582, 584 (S.D.N.Y. 2016), originally permitted defendants to deposit the funds into an account for the plaintiff, but later vacated that order, relying on the Supreme Court's language in Campbell–Ewald Company v. Gomez.

On the other hand, in Leyse v. Lifetime Entertainment Services., LLC, the Second Circuit upheld the district court's decision to enter judgment on the plaintiff's individual claim after the defendant deposited the full amount of damages and costs recoverable by the plaintiff with the clerk of court. 679 F. App'x 44, 47-48 (2d Cir. 2017), cert. denied, 138 S. Ct. 637, 199 L. Ed. 2d 526 (2018). The Second Circuit based its decision in part on the fact that the "plaintiff's class-certification motion was litigated and [denied] before defendant's Fed. R. Civ. P. 68 offer." Id. at 48 n.2.

B. Analysis

In this case, plaintiff rejected defendant's Rule 68 Offer of Judgment of $50.00. (Pl.'s Opp. at 1). Moreover, plaintiff asserts that defendant's offer did not fully resolve her claims, as she also seeks injunctive and declarative relief. (Id.); see Maximo v. 140 Green Laundromat, No. 14 CV 6948, 2015 WL 4095248, at *2-3 (S.D.N.Y. July 7, 2015) (entering judgment against defendants on plaintiff's claims after plaintiff stipulated to the amount she was due).

As an initial matter, the Court finds that Rule 68 of the Federal Rules of Civil Procedure does not apply to the current situation. Defendant made a Rule 68 Offer of $50, and plaintiff did not accept it. Plaintiff further claims that the $50 offer did not provide complete relief to plaintiff. Therefore, since a "'rejected settlement offer [under Rule 68], by itself, [cannot render] moot[ ] [a] case,'" the Court finds that plaintiff's claims were not rendered moot by the

15

unaccepted Rule 68 offer. Tanasi v. New All. Bank, 786 F.3d 195, 200 (2d Cir. 2015), as amended (May 21, 2015) (alterations in original) (quoting McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir.2005)).

Moreover, the Court respectfully recommends that the motion be denied under Rule 67 of the Federal Rules of Civil Procedure. Although it is within the district court's discretion to grant such a motion under Rule 67, the Court finds that defendant's motion is improper as it does not seek "to relieve [defendant] of the burden of administering an asset." Brady v. Basic Research, L.L.C., 312 F.R.D. at 306. Rather, defendant's motion apparently seeks to moot the case, despite plaintiff's rejection of the original Rule 68 Offer of Judgment. See id. The Court therefore respectfully recommends that the district court deny defendant's motion under Rule 67.

Finally, the Court respectfully recommends that the motion be denied in light of Campbell-Ewald Co. v. Gomez and its progeny. Indeed, the Court finds that "cases allowing a defendant to 'pick off' plaintiffs simply by making a tender of complete relief deny plaintiffs a fair opportunity to pursue class claims and are contrary to the spirit of Campbell-Ewald." Bell v. Survey Sampling Int'l, LLC, 2017 WL 1013294, at *5. Therefore, given that defendant's motion was made before plaintiff had an opportunity to show that certification was warranted, the Court respectfully recommends denying defendant's motion to deposit funds.

III. Discovery Dispute

Finally, the parties disagree about the status of discovery in this case. At issue is whether defendant was required to provide additional discovery beyond plaintiff's payroll records and personnel documents.

The Court Orders defendant to respond to outstanding discovery requests and exchange

relevant records and documents, so that the Court can determine if collective certification is appropriate based upon a fuller record. Plaintiff's need for discovery is particularly important given the fact that she works in her clients' homes and is therefore isolated from other employees. (Pl.'s Reply at 4-5).

## CONCLUSION

In light of the foregoing, the Court respectfully recommends that plaintiff's motion for conditional certification be denied without prejudice. Furthermore, the Court respectfully recommends that defendant's motion to deposit funds be denied. Finally, the Court Orders defendant to respond to plaintiff's discovery requests.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 1, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

17