UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VIORICA MALANCEA,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

  v.

MZL HOME CARE AGENCY LLC,

        Defendant.

Case No.: 1:18-cv-00732-CBA-CLP

# DEFENDANT'S MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION FOR TOLLING OF POTENTIAL COLLECTIVE MEMBERS' FLSA STATUTES OF LIMITATIONS

FORDHARRISON LLP
Philip K. Davidoff
Jeffrey Douglas
60 East 42nd Street, 51st Floor
New York, NY  10165
(212) 453-5900
(212) 453-5959 (facsimile)
pdavidoff@fordharrison.com
jdouglas@fordharrison.com
Attorneys for Defendant

**I.    Preliminary Statement**

Defendant MZL Home Care Agency, LLC ("Defendant") submits this memorandum of law in opposition to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Tolling of Potential Collective Members' FLSA Statutes of Limitations. The Court previously chose not to grant Plaintiff's first request to toll the statute of limitations when it denied Plaintiff's Motion for Conditional Certification. Plaintiff's second bite at the apple is equally unpersuasive at this stage.

**II.   Procedural Background**

Plaintiff filed her Complaint asserting *inter alia* overtime claims under the Fair Labor Standards Act ("FLSA") on February 1, 2018 as a putative class and collective action and filed a consent to join form solely on her behalf. Defendant answered on March 7, 2018. On April 23, 2018, the parties appeared before Your Honor for an Initial Conference. At the Initial Conference, Plaintiff was adamant about plowing ahead to move for conditional certification. Based on Plaintiff's insistence, Your Honor instructed the parties to establish a briefing schedule and to exchange payroll related information.

On May 8, 2018, Plaintiff served formal Document Requests and Interrogatories with Defendant's responses due on June 10, 2018. On May 25, 2018, Defendant produced payroll documents relating to the Named-Plaintiff.

On June 7, 2018, and on the same day that Defendant's responses to Plaintiff's discovery requests were originally due, Plaintiff filed her motion for conditional certification, which included a request to toll the statute of limitations. (Dkt. No. 23-25). Notably absent from her Motion for Conditional Certification were any affidavits from other putatively similarly situated individuals. Plaintiff's Motion for Conditional Certification was fully briefed on August 3, 2018.

On February 1, 2019, the Court issued a Report and Recommendation denying Plaintiff's Motion for Conditional Certification and noted that it chose not to address Plaintiff's request to toll the statute of limitations. (Dkt. No. 38). Judge Amon adopted Your Honor's Report and Recommendation on March 4, 2019 (Dkt. No. 39).

### III. Decision to Deny Conditional Certification

In the Court's adopted Report and Recommendation, the Court concluded that Plaintiff failed to meet the "'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *See* Report and Recommendation, *Malancea v. MZL Home Care Agency, LLC*, ("Report and Recommendation") at 38 at 5 (citing *Doucoure v. Matln Food, Inc.* 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008)).

First, the Court determined that Plaintiff was only able to identify two hours of alleged unpaid overtime during the entire period of her history and that pay stubs submitted by Defendant "contradict her broader allegation as set forth in the Complaint that she was not paid overtime from January 1, 2015 through August 2015, and instead, show that she only worked more than 40 hours per week during that one week." *See* Report and Recommendation at 10. Notably, the Court observed, "plaintiff's papers are devoid of any other information as to her schedule, wages paid, or the number of hours she worked in any other week during which she worked for defendant." *Id.*

Second, the Court held that Plaintiff failed "to adequately demonstrate that there are other similarly situated home health aides who work for defendant." *Id.* at 11. Plaintiff's reliance upon a state court action against Defendant was "substantially different from plaintiff's case." *Id.* The Court went on to note that "a plaintiff must still provide more than the uncorroborated statements of a single named Plaintiff to support the claim that there are other workers who were similarly

3

situated to the Plaintiff . . ." *Id.* at 12. The Court concluded that "[h]ere, plaintiff's uncorroborated assertion that she is similarly situated to other home health aides, without reference to a single individual other than herself, is insufficient to justify collective certification. *Id.*

Based on these reasons, the Court denied Plaintiff's Motion for Conditional Certification and stated, "[a]s a result, the Court does not address the other issues raised in plaintiff's motion . . ." which included a request to toll the statute of limitation.

## IV. Legal Analysis

### a. Standard of Review

The Court of Appeals for the Second Circuit has held that "Equitable tolling . . . is applicable only in 'rare and exceptional circumstances.'" *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17-cv-7066(DF); 2019 U.S. Dist. LEXIS 22745, at *37 (S.D.N.Y. Feb. 5, 2019) (quoting *Phillips v. Generations Family Health Ctr.*, 732 F.3d 144, 150 (2d Cir. 2013) (internal citations omitted)). To determine whether to apply the principle of equitable tolling, the district court must consider whether the plaintiff (1) "has proved that the circumstances are so extraordinary that the doctrine should apply" **and** (2) "has acted with reasonable diligence during the time period she seeks to have tolled." *Zerilli-Edelglasss v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003). Plaintiff cannot satisfy both required prongs.

### b. The Circumstances are Not So Extraordinary that the Doctrine Should Apply

"The first test, which requires extraordinary circumstances, stems from the fact that equitable tolling undermines to some extent the interests served by statutes of limitations." *Kassman v. KPMG LLP*, No. 11 Civ. 03743 (LGS); 2015 U.S. Dist. LEXIS 118542, at *10 (S.D.N.Y Sept. 4, 2015) (granting equitable tolling where four years had elapsed between filing the complaint and the end of the opt-in period as a result of the case being assigned to three

4

different judges, which was outside the control of the litigants). In the instant matter, the litigation is only 15 months old. Plaintiff took a calculated litigation strategy risk by moving for conditional certification on an inadequate record without the benefit of any discovery beyond the exchange of payroll and without any supporting declarations from a single other MZL employee. Plaintiff's unsuccessful litigation strategy is not "extraordinary," but rather part and parcel of "the normal litigation process" weighing against a finding of equitable tolling. *See Kassman v. KPMG LLP* 2015 U.S. Dist. LEXIS 118542, at *13 (collecting cases showing that delay of 12 months and 13 months does not constitute sufficient extraordinary circumstances to warrant equitable tolling).

To the extent Plaintiff implies any delay by the Court in deciding its unsuccessful motion for conditional certification, Defendant submits that the Court acted diligently in deciding Plaintiff's Motion for Conditional Certification. The motion was decided and denied within 6 months of the date is was fully briefed. *See* Dkt. Nos. 36, 38-39. Courts have rejected equitable tolling requests in cases where the Court took 11 months to decide a motion for conditional certification. *Mark v. Gawker Media LLC*, No. 13 Civ. 4347; 2014 U.S. Dist. LEXIS 155424, at *2-3 (S.D.N.Y. Nov. 3, 2014).

    c. **Plaintiff's Speed at Moving for Conditional Certification Does Not Equate to Diligence**

In Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Tolling of Potential Collective Members' FLSA Statutes of Limitations, Plaintiff asserts that discovery delays and disputes between the date when Judge Amon adopted Your Honor's Report and Recommendation and the present warrants tolling. Plaintiff's reasoning is misplaced.

It bears repeating that much of the time that has elapsed in this case was a direct result of Plaintiff initially moving for conditional certification on an inadequate record without any of the supporting documents typically necessary to meet the minimal threshold to obtain conditional

5

certification. As the Court noted in the Report and Recommendation, Plaintiff's motion for conditional certification was based in large part on a pending New York State Court case without providing any other employee affidavits.

Plaintiff is correct that Defendant sought clarification of the Court's Order to produce time and payroll records for the entire potential class due to the unusually broad nature of the Order in pre-certification discovery. However, since that time, Defendant has met and conferred with Plaintiff on several occasions to coordinate the production of tens of thousands of pages of time and payroll records for the entire putative class. Plaintiff could have simply requested a sampling of time and payroll records and refiled for conditional certification, but rather again made a calculated litigation strategy decision to seek everything. Compiling data of this nature takes time and Defendant has represented to Plaintiff that it would take approximately three to four weeks to gather the requested data. This is all part of the normal litigation process.

### d. Plaintiff's Arguments are Inapposite and Rely on Cases Where Conditional Certification was Granted

In all of the cases cited by Plaintiff for the proposition that equitable tolling should be granted, the plaintiff's underlying motion for conditional certification was granted.[1] It is only after granting conditional certification that the courts relied upon by Plaintiff entertained equitable tolling. As Plaintiff stated in her motion papers, the Court denied conditional certification without prejudice and with leave to re-file. It is therefore, at best, premature for the Court to determine whether equitable tolling should be applied and therefore, should deny Plaintiff's motion.

---

[1] This remains true for all of the cases except those cited in footnote 2 of Plaintiff's memorandum of law. In the other cases currently being litigated between plaintiff's counsel and defense counsel, there are external circumstances involving the impact of a grievance arbitration provision and pending motions to compel arbitration that affected the decision by defense counsel to toll the statutes of limitations.

6

**V.**     <u>**Conclusion**</u>

Based on the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's motion for equitable tolling because Plaintiff fails to satisfy both necessary prongs and because it is premature in light of the Court's denial of Plaintiff first motion for conditional certification.

Dated  May 17, 2019
New York, New York

By: s/ *Philip K. Davidoff*
Philip K. Davidoff, Esq.
Jeffrey G. Douglas, Esq.
FORDHARRISON LLP
*Attorneys for Defendant*
60 E. 42nd Street, 51st Fl.
New York, NY 10165
Tel: 212-453-5900