## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIORICA MALANCEA,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                             Plaintiff,<br><br>            v.<br><br>MZL HOME CARE AGENCY LLC,<br><br>                         Defendant. | Case No.: 18 Civ. 732 (CBA) (CLP)<br><br>**FIRST AMENDED CLASS AND<br>COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Viorica Malancea ("Plaintiff") by her attorneys Wittels Law, P.C., Hymowitz Law Group PLLC, and Kheyfits Belenky LLP brings this action individually and on behalf of a class of persons defined below, against Defendant MZL Home Care Agency LLC, ("Defendant," "MZL" or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

### SUMMARY OF THIS CLASS AND COLLECTIVE ACTION
### TO RECOVER FOR DEFENDANT'S WAGE AND HOUR VIOLATIONS

1.      This suit seeks to remedy MZL's illegal pay practices that have harmed approximately 2,500 individuals.  MZL is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance.  Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by MZL.

2.      MZL is a sizeable home health care company, servicing hundreds of individuals in the New York City metropolitan area and Westchester, Nassau, Suffolk, Rockland, and Putnam counties.  According to its website (https://gefenseniorcare.com/mzl-home-care-

agency/), MZL was established in 1998, and became a part of Gefen Senior Care Group, an entity established in 2010 to unite a number of assisted living facilities and two home care agencies (https://gefenseniorcare.com/about-us/).  MZL's success is attributable to the devoted service of its home care workers.  Nevertheless, although Plaintiff Ms. Malancea and the Class work more than 40 hours per week to service MZL's clients, Defendant fails to pay its home care workers the proper straight-time, overtime, and wage parity compensation they are legally and justly owed.

3.      While Defendant's labor practices undoubtedly benefit its bottom line, these practices violate New York State Labor Law ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.  As described herein, MZL violates the FLSA and N.Y. Labor Law through the following unlawful practices:

a.  Failing to pay the correct overtime rate following the January 1, 2015 changes to the federal companionship services exemption, 29 CFR Part 552;

b.  Failing to pay an overtime premium for all overtime hours because of the Company's practice of classifying certain hours worked as straight-time only (regardless of whether the employee worked more than 40 hours that week);

c.  Failing to pay the proper blended overtime rate;

d.  Falsifying workers' time clock entries;

e.  Failing to compensate workers for time spent traveling between two or more of Defendant's clients on the same workday;

f.  Failing to pay the correct minimum wage required under New York law;

g.  Failing to provide workers with accurate wage statements and accurate annual wage notices required by New York's Wage Theft Prevention Act; and

h.  Failing to pay workers all compensation required under New York's Wage Parity Law.

4.      Home care workers perform vitally important work that is physically and psychologically demanding.  These workers are crucial for ensuring access to the care that many individuals need to remain healthy and independent.  These workers should be compensated fairly and, at the very least, in accordance with the law.

5.      The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes.  Today, there are approximately 2 million home care workers nationwide supporting their patients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid workers in the service sector.  The average wage for a home care worker in the United States—comprised overwhelmingly of immigrant women and women of color—is less than $20,000 a year. Further, the lack of basic employment protections, including compliance with state and federal wage and hour laws, results in an approximately 50% turnover rate in the home care industry and leaves those who stay in the industry unable to take care of their own families.

6.      Plaintiff Ms. Malancea brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

7.      Only by joining together in a class and collective action can the Company's employees remedy MZL's ongoing wrongdoing.  Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge MZL's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit.  Further, many, if not most, of the Company's employees do not realize they are victims of wage and hour violations.

8.      With this class action, Plaintiff and the Class seek to level the playing field and

ensure that companies like MZL engage in fair and upright business practices.  Plaintiff therefore

seeks equitable relief in addition to monetary damages.  Plaintiff also asks that the Court declare

Defendant's wage and hour practices impermissible, enjoin Defendant from continuing its

abusive labor practices, require that Defendant return all misappropriated monies, and

compensate Plaintiff and the Class for all harms they have suffered because of Defendant's

unlawful conduct.

## PARTIES

9.      Plaintiff Viorica Malancea is a New York citizen, and at all times relevant to this

action resided in Brooklyn, NY.  Plaintiff Malancea was employed by MZL from approximately

October 2014 until around August 2015.

10.     At all relevant times, Plaintiff Malancea worked as a home care worker in

Brooklyn, occasionally working more than 40 hours per week.

11.     Defendant MZL Home Care Agency LLC is a New York company with locations,

among others, at 111 Beaver Dam Road, Brookhaven, New York 11719 and 1819 East 13 Street,

Brooklyn, NY 11219, with its parent entity, Gefen Senior Care Group located at 1819 East 13

Street, Brooklyn, NY 11219.  MZL is primarily in the business of placing home health and

personal care aides at the homes of patients with medical and personal care needs.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law,

specifically the FLSA, 29 U.S.C. § 201 *et seq*.

13.     This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. §

1332 (the "Class Action Fairness Act").  This action meets the prerequisites of the Class Action

Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

14.     This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

15.     This Court has personal jurisdiction over MZL Home Care Agency LLC because it is a New York company headquartered in New York.

16.     Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.  For example, Plaintiff performed services for MZL in this district.

## FACTUAL ALLEGATIONS

17.     Upon information and belief, MZL was established in 1998.  On information and belief, the Company's revenues have been well in excess of $500,000 in each year from 2012 to the present.

18.     MZL's employees' work also regularly involves them in interstate commerce. MZL has committed multiple wage and hour violations, which are detailed in the following paragraphs.

### A. Failure to Pay Overtime at the Proper Rate

19.     At all applicable times, with one exception, Plaintiff Malancea's regular rate of pay was $10.00 per hour.

20.     During her tenure with MZL, Plaintiff Malancea worked hours exceeding 40 hours per week.  Ms. Malancea's payroll account records confirm the hours she devoted to

MZL's clients.

21.     For example, during the week of April 25, 2015 to May 1, 2015, Ms. Malancea's pay stub demonstrates that she worked 42 hours, yet was underpaid for the 2 overtime hours, receiving from MZL only $10.00 instead of $15.00 mandated by state and federal law.

22.     With the exception of the New Year's day, during Plaintiff's tenure, MZL paid Plaintiff Malancea for overtime worked at her regular $10.00 rate, thus failing to pay one and a half times the minimum hourly rate.

23.     Under the applicable FLSA regulations, 29 CFR Part 552, starting on January 1, 2015, MZL was required to pay Ms. Malancea and all other members of the Class at one and a half times their regular hourly rate ($15.00 per hour), for each overtime hour worked in excess of 40 hours worked during a week.

24.     From January 1, 2015 until the end of Ms. Malancea's employment around August of 2015, MZL failed to pay an overtime premium of one and a half times the regular hourly rate.

25.     MZL also failed to pay 1.5 times the regular rate for certain overtime hours after 2015.

26.     Ms. Malancea's employment at MZL ended in August of 2015, but MZL's payroll records demonstrate that Defendant did not properly pay overtime both before and after Ms. Malancea's tenure.  For example, the payroll records Defendant has produced thus far in discovery demonstrate that during the period from January 2015 through October 2015 Defendant shorted hundreds of MZL's workers on the overtime premium they were owed under applicable federal regulations.

27.     Defendant's payroll records also contain overtime violations after October 2015.

For example, during the pay period of June 1, 2017 to June 7, 2017, the Class Member referred to in Defendant's records as Employee 2663 was not paid for at least 1 hour of overtime at the proper rate of $16.50. The paragraphs below also detail several additional instances of Defendant's failure to comply with state and federal overtime laws.

28.    At all relevant times MZL maintained a uniform company policy of misclassifying certain hours worked as straight time only, which practice deprived Class Members of the required New York and/or FLSA overtime premium. Specifically, MZL always classifies "in-service" training time as straight time regardless of the number of hours an aide had already worked during the relevant workweek. For example, during the pay period from April 25, 2015 to May 1, 2015, Plaintiff worked a total of 42 hours, including 6 hours for "in service" training. Despite working with MZL's patients for 36 hours and 6 additional "in service" hours, MZL paid no overtime premium to Plaintiff for the two overtime hours. The total number of hours worked during that pay period was 42, more than 40 hours, but MZL paid Plaintiff at the $10 rate for all 42 hours.

29.    MZL's time and payroll records confirm that MZL's practice of uniformly misclassifying certain time as straight time affected other Class Members. For example, during the pay period of June 6, 2015 to June 12, 2015 MZL improperly classified 7 in-service hours worked by Employee 3073, which Defendant used to deprive Employee 3073 of an overtime premium for 7 hours worked in excess of 40 for that workweek.

30.    MZL's state and federal overtime violations also include Defendant's failure to properly calculate overtime based on employees' weekly blended "regular" rate. Pursuant to 19 CFR 778.115, when hourly workers are paid two or more different regular rates of pay in a single workweek, their overtime rate must be based on the blended regular rate, computed as the

weighted average of the multiple regular rates. This weighted average is calculated by adding the products of different regular rates and the number of hours worked at that rate for the first 40 hour worked during a pay period and dividing the sum by 40.

31.     For example, MZL failed to pay Employee 3405 the proper overtime rate during the pay period of July 1, 2017 to July 7, 2017. Employee 3405 worked 34 regular hours at $11.00 per hour and 6 holiday hours at the holiday pay rate of $16.50. The blended (weighted average) rate for these 40 regular hours is $11.83 ([$374.00 + $99.00] ÷ 40 hours = $11.83 per hour). Yet, when Employee 3405 worked 2 additional overtime hours during that same workweek MZL paid an overtime rate of only $16.50 per hour (1.5 x $11.00 per hour) when state and federal law required that the overtime rate be $17.75 (1.5 x $11.83 per hour).

32.     The time and payroll records MZL have produced in discovery thus far confirm that Defendant's failure to account for workers' blended regular rates affected other Class Members. Examples include Employees 2024, 4132, 2530, and 2235 who were not paid (as the law requires) an overtime premium that is 1.5 times the blended regular rate for the first 40 hours of the workweek.

33.     The overtime violations detailed above are evident from the time and payroll records in both Ms. Malancea's and the Company's possession.

34.     MZL's failure to pay Plaintiff and other members of the Class the proper overtime compensation required by the FLSA and NYLL was willful because it knew about or showed reckless disregard for its failure to compensate its employees at an overtime rate required by these statutes.

35.     MZL's unlawful conduct occurred pursuant to a company policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the

FLSA and NYLL.

**B. Time Shaving**

36.     MZL failed to compensate Class Members for all hours worked in at least two

ways. **_First_**, Defendant does not base Class Members' wages on these workers' actual clock-in

and clock-out times.  For example, time records Defendant has produced in discovery thus far

demonstrate that Employee 2892 had an actual working time of 57 hours and 7 minutes during

the pay period of January 13, 2018 to January 19, 2018.  Yet instead of paying Employee 2892

for this time, Defendant paid only in whole hour increments (calculated to match the amount of

time the employee was **_scheduled_** to work rather than the employee's actual working time),

which shorted Employee 2892 by more than an hour's worth of overtime pay.  By way of

illustration, on January 16, 2018, Employee 2892 was paid for 8 hours, while Defendant's time

clock records demonstrate that she actually worked 8 hours and 27 minutes (clock-in at 7:11 and

clock out at 15:38).  In this manner, as shown in the time and payroll records below, despite

working 57 hours and 7 minutes for the entire pay period, Defendant paid Employee 2892 for

only 56 hours.

**Payroll Records Excerpt**

| Emp# | Pay Period | Description | Rate | Hours | Amount |
|------|-----------|-------------|------|-------|--------|
| 2892 | 01/13/2018-01/19/2018 | Holiday Pay | 13 | 8 | 104 |
| 2892 | 01/13/2018-01/19/2018 | Regular | 13 | 8 | 104 |
| 2892 | 01/13/2018-01/19/2018 | Regular | 13 | 8 | 104 |
| 2892 | 01/13/2018-01/19/2018 | Regular | 13 | 8 | 104 |
| 2892 | 01/13/2018-01/19/2018 | Regular | 13 | 8 | 104 |
| 2892 | 01/13/2018-01/19/2018 | Overtime | 19.5 | 4 | 78 |

| 2892 | 01/13/2018-01/19/2018 | Overtime | 19.5 | 12 | 234 |
|------|-----------------------|----------|------|-----|-----|
| 2892 | 01/13/2018-01/19/2018 | Spread | 13 | 0 | 26 |
| | | | **Total**: | 56 | 858 |

**Time Records Excerpt**

| Visit Date | Aide Code | Scheduled | Visit Time | Call In | Call Out |
|------------|-----------|-----------|------------|---------|----------|
| 1/13/2018 | MZL-2892 | 0700-1500 | 0700-1500 | 7:03 | 15:04 |
| 1/15/2018 | MZL-2892 | 0700-1500 | 0700-1615 | 7:02 | 16:16 |
| 1/16/2018 | MZL-2892 | 0700-1500 | 0715-1545 | 7:11 | 15:38 |
| 1/17/2018 | MZL-2892 | 0800-1600 | 0800-1530 | 8:06 | 15:27 |
| 1/18/2018 | MZL-2892 | 0800-2000 | 0800-2015 | 8:06 | 20:12 |
| 1/19/2018 | MZL-2892 | 0800-2000 | 0815-2015 | 8:15 | 20:13 |
| | | **Total**: 56 | **Total**: 57.5 | **Total**: | 57:07 |

37.     Defendant's time and payroll records confirm that MZL's failure to compensate employees for all hours worked by not counting the actual clock-in and clock out-time affected other Class Members.  Another example of this policy is MZL's failure to account for the actual clock-in and clock-out times for Employee 1935 during the pay period of May 21, 2016 to May 26, 2016, where Employee 1935 was paid for 40 hours when according to clock-in and clock-out times Employee 1935 actually worked 41 hours.

38.     Defendant's failure to pay workers based on their actual working time violates both state and federal law.  To the extent the unpaid time was straight time, Defendant is required under the NYLL to compensate its workers for this time.  To the extent the missing time is overtime, both the NYLL and the FLSA require Defendant to pay an overtime premium for

this time.

39.     ***Second***, Defendant fails to compensate its workers for time traveled between two or more MZL clients on the same day.  The payroll data Defendant has produced in discovery thus far demonstrates this aspect of  MZL's time shaving practices.  For example, the data shows that MZL Employee 2934 worked for MZL on May 2–6, 2016, visiting two patients each day.  According to this Employee's clock-in and clock-out data in Defendant's files, there was one hour between each patient visit but there is no indication in Defendant's payroll records that Employee 2934 was compensated for the time she spent travelling between MZL's two clients on the same day.

40.     Defendant's time and payroll records confirm that MZL's failure to compensate employees for time spent travelling between two clients on the same day affected other Class Members.  Another example of this policy is MZL's failure to account for the travel time for Employee 2970 during the pay period of October 15, 2016 to October 21, 2016, where Employee 2970 worked for more than one patient in the same day but was not paid for any travel time between the two patients.  Likewise, Employee 1110 worked for more than one patient on the same day during the week of October 1, 2016 to October 7, 2016 but was not paid for any travel time.

41.     Defendant's failure to pay travel time violated both state and federal law.  To the extent the travel time was straight time, Defendant is required under the NYLL to compensate its workers for this time.  To the extent the missing time is overtime, both the NYLL and the FLSA require Defendant to pay an overtime premium for this time.

   **C.  New York State Minimum Wage**

42.     According to the Minimum Wage Act, Article 19 of New York State's Labor

Laws § 652(a) "New York City (i) Large employers.  Every employer of eleven or more employees shall pay to each of its employees for each hour worked in the city of New York a wage of not less than: $11.00 per hour on and after December 31, 2016; $13.00 per hour on and after December 31, 2017; and $15.00 per hour on and after December 31, 2018 . . . ."

43.     MZL failed to pay the New York State minimum wage on certain days.

44.     For example, MZL failed to pay Employee 2974 the New York State minimum wage of $11 on December 31, 2016 during the pay period of December 31, 2016 to January 6, 2017.  According to MZL's time and payroll records, Employee 2974 worked on December 31, but was compensated at the $10.50 hourly rate, even after the $11 minimum wage went into effect under New York law.

**Payroll Records Excerpt**

| Emp# | Pay Period | Description | Rate | Hours | Amount |
|------|-----------|-------------|------|-------|--------|
| 2974 | 12/31/2016-01/06/2017 | Holiday Pay | 10.5 | 5 | 52.5 |
| 2974 | 12/31/2016-01/06/2017 | Regular | 11 | 5 | 55 |
| 2974 | 12/31/2016-01/06/2017 | Regular | 13 | 5 | 55 |
| 2974 | 12/31/2016-01/06/2017 | Regular | 13 | 5 | 55 |

**Time Records Excerpt**

| Visit Date | Aide Code | Scheduled | Visit Time | Call In | Call Out |
|------------|-----------|-----------|------------|---------|----------|
| 12/31/2016 | MZL-2974 | 0800-1300 | 0800-1315 | 7:57 | 13:12 |
| 01/03/2017 | MZL-2974 | 0800-1300 | 0800-1300 | 7:56 | 13:02 |
| 01/04/2017 | MZL-2974 | 0800-1300 | 0800-1315 | 7:57 | 13:16 |
| 01/06/2017 | MZL-2974 | 0800-1300 | 0800-1300 | 7:56 | 12:59 |

45.     MZL also failed to pay the required minimum wage on December 31, 2017.  For example, during the pay period of December 30, 2017 to January 5, 2018, Employee 1727b worked on December 31, 2017, but was compensated at $11 per hour, rather than $13 per hour as required by New York law in effect that day.

46.     MZL's failure to compensate employees at the New York State minimum wage on certain days affected other Class Members.  Other examples include employees 2615, 3451, and 2048, where underpaid for December 31, 2016.  Employee 1701b was underpaid for December 31, 2017.

### D.  Wage Theft Prevention Act Violations

47.     MZL failed to provide Plaintiff and the Class with accurate wage statements, which is required by NYLL § 195(3).  For example, Ms. Malancea's wage statements did not reflect the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, as required.  Moreover, Ms. Malancea's wage statements, except on the one occasion described in the next paragraph, did not reflect any Wage Parity Law compensation.

48.     Plaintiff Malancea's pay stub for the week starting February 21, 2015 and ending February 27, 2015 shows that MZL paid Ms. Malancea $851.61 under the category named 'WPL,' which presumably stands for Wage Parity Law.  On information and belief, this payment was insufficient to cover the full compensation under Wage Parity Law.

49.     On information and belief, MZL also failed to furnish Plaintiff and the Class with an accurate annual wage notice as required by NYLL § 195(1) in 2014.

### E.  Failure to Pay Total Compensation Under Wage Parity Law

50.     As part of its effort to improve the quality of care for New Yorkers who receive

home health care services, in 2011, the New York Legislature enacted Public Health Law §
3614-c, which went into effect as of March 1, 2012. Commonly known as the Wage Parity Law,
the statute conditions Medicaid reimbursement for home health care services provided in New
York City and the surrounding counties of Westchester, Suffolk, and Nassau upon a home health
care agency's certification that its home care workers are paid a statutorily defined minimum
wage. That wage is determined by reference to New York City's Living Wage Law (*see*
Administrative Code of City of NY § 6-109[b][1][a], [b][3]), which sets a minimum wage and
health benefits supplement rate that must be paid by any City service contractor or subcontractor
to its employees who provide home care services. By referring to the New York City Living
Wage Law, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed
home care aides in the metropolitan New York area into line with compensation paid to aides
who are under contract with New York City, thereby furthering the legislative purpose of
stabilizing the home care workforce, reducing turnover, and enhancing recruitment and retention
of home care workers.

     51.    The Wage Parity Law applies to entities like MZL that contract with managed
care plans for Medicaid reimbursements. NYPHL § 3614-c(6). The Wage Parity Law applies
"equally to services provided by home care aides who work on episodes of care as direct
employees of certified home health agencies, long term home health care programs, or managed
care plans, or as employees of licensed home care services agencies, limited licensed home care
services agencies, or under any other arrangement." NYPHL § 3614-c(4).

     52.    MZL has been and continues to be a licensed home care services agency.

     53.    MZL has entered into agreements with one or more managed care plans. Under
the terms of these agreements, managed care plans reimburse MZL for the services performed by

its employees with New York state Medicaid funds.  On information and belief, under the terms of these agreements, MZL was obligated to compensate its home care aides according to the Wage Parity Law.

54.     On information and belief, MZL received reimbursements from managed care plans.  These reimbursements were funded, at least in part, by New York state Medicaid funds.

55.     Plaintiff Malancea was a home care aide as defined by the Wage Parity Law.

56.     On information and belief, MZL received reimbursements funded by New York state Medicaid funds for Plaintiff Malancea's services from a managed care plan.

57.     The New York State Department of Health periodically publishes official notices of home care worker wage parity minimum rate of total compensation, which provide the breakdown of total hourly compensation of homecare workers.

58.     For the period of March 1, 2012 through February 28, 2013, the minimum rate of home care workers' total compensation was $9.00 per hour plus $1.35 per hour if medical benefits were not provided by employer.

59.     For the period of March 1, 2013 through February 28, 2014, the minimum rate of home care workers' total compensation was $9.50 per hour plus $1.43 in wages and/or wages and benefits.

60.     For the period of March 1, 2014 through August 2015 (the end of Ms. Malancea's employment with MZL), the minimum rate home care workers' total compensation was $14.09, consisting of a Base Wage of at least $10.00 per hour, Additional Wages of up to $1.69 per hour, and Supplemental (benefit) Wages of up to $2.40 per hour.

61.     MZL failed to pay Plaintiff Malancea the minimum rate of total compensation required by the Wage Parity Law.  Ms. Malancea pay stubs show that, except one occasion when

MZL only partially and with a great delay compensated the Plaintiff for what appears to be unpaid Wage Parity portion of her compensation, she was paid only straight time wages of $10.00 per hour ($13.13 for one New Year day).  Accordingly, MZL failed to pay Plaintiff Malancea and other members of the Class the total minimum compensation required under the Wage Parity Law in full.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

62.     Plaintiff brings Count I under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care aides (collectively "home care workers") employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

63.     At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek.

64.     Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

65.     Defendant is aware or should have been aware that as of January 1, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.  Defendant was also aware or should have been aware that at all relevant times federal law required it to pay Class Members' travel time between two or more clients during the same workday.

66.     Count I is properly brought under and maintained as an opt-in collective action

pursuant to 29 U.S.C. § 216(b).

67.     The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

68.     Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

69.     Plaintiff brings Counts II to VIII pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a Class of MZL employees preliminarily defined as follows:

> All persons who were employed by MZL as home care workers who, at any time within six years prior to the date of the filing of this action and thereafter.

70.     Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in MZL; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

71.     The claims of Plaintiff and the Class may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

72.     The size of the Class is more than 2,000 individuals.  On September 27, 2019 Defendant's counsel disclosed that there are approximately 2,500 individuals included in the proposed Class.  The persons in the Class are so numerous that the joinder of all such persons is impracticable.

73.     Plaintiff is a member of the Class.  Her claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class.  All members of the Class have been subject to and affected by the same or similar conduct.

74.     Plaintiff will fairly and adequately protect the interests of all Class Members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains.  Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

75.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

a.  Whether MZL failed to pay its employees the minimum wage in violation of N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

b.  Whether MZL failed to pay its employees all overtime compensation earned in violation of N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

c.  Whether MZL failed to furnish its employees with accurate wage statements, as required by NYLL § 195(3);

d.  Whether MZL failed to furnish its employees with an accurate annual wage notice, as required by NYLL § 195(1);

e.  Whether MZL failed to pay its employees all Wage Parity Act minimum wages in violation of Public Health Law § 3614-c, and NYLL §§ 198, 663(1);

f.  Whether MZL failed to pay its employees all earned agreed-upon compensation in violation of NYLL § 198(1-a);

g.  Whether, and to what extent, equitable relief should be imposed on MZL to prevent the Company from continuing its unlawful labor policies; and

h.  The extent of class-wide injury and the measure of damages for those injuries.

76.     A class action is superior to all other available methods for resolving this controversy because (i) the prosecution of separate actions by Class Members will create a risk of adjudications with respect to individual Class Members that will, as a practical matter, be dispositive of the interests of the other Class Members not parties to this action, or substantially impair or impede their ability to protect their interests; (ii) the prosecution of separate actions by

Class Members will create a risk of inconsistent or varying adjudications with respect to individual Class Members, which will establish incompatible standards for Defendant's conduct; (iii) Defendant has acted or refused to act on grounds generally applicable to all Class Members; and (iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.

77.    Accordingly, this action satisfies the requirements of Fed. R. Civ. P.  23(a) and 23(b).

## CAUSES OF ACTION

### COUNT I
### (FLSA – UNPAID OVERTIME WAGES)

78.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

79.    At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

80.    At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

81.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, apply to Defendant MZL and protect Plaintiff and the FLSA Collective.

82.    The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

83.    In violation of the FLSA and supporting regulations, MZL has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40

hours in a workweek.

84.     As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
### (NYLL – UNPAID OVERTIME WAGES)

85.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

86.     The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

87.     In violation of N.Y. Labor Law applicable regulations MZL has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

88.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

89.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT III
### (NYLL – FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

90.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

91.     MZL willfully failed to provide Plaintiff and the Class with wage notices, as required by N.Y. Labor Law § 195(1).

92.     Through its knowing or intentional failure to provide Plaintiff and the Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

93.     Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to statutory penalties of $50 for each workday that Defendant failed to provide them with wage notices, for a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

<u>**COUNT IV**</u>
**(NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)**

94.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

95.     MZL willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3) by, among others failing to include the actual number of regular and overtime hours worked, the overtime rate of pay, and information concerning the Wage Parity Law earnings.

96.     Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, for a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article

- 21 -

6, § 198(1-d).

**COUNT V**
**(NYLL – FAILURE TO PAY EARNED WAGES MANDATED BY**
**THE WAGE PARITY LAW)**

98.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

99.     New York Labor Law § 190(1) defines "Wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.  The term "wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

100.    New York Labor Law § 198-c(2) further provides; "As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

101.    Pursuant to New York Labor Law § 198 employers such as the Defendant who fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

102.    The Total Compensation for home care workers as mandated by Wage Parity Law is wages under New York Labor Law.

103.    Depending on the period, Defendant was obligated to pay its home care worker employees the total compensation of, $9.00 plus $1.35 per hour if medical benefits were not provided; $9.50 per hour plus $1.43 in wages and/or wages and benefits; and $14.09 per hour under the Wage Parity Law because it entered into agreements with managed care plans and was receiving reimbursements funded by the New York Medicaid program.

104.     Plaintiff and the Class were entitled to receive the total compensation of the sums set forth above per hour under the Wage Parity Law.

105.     Defendant never paid Plaintiff and the Class the Total Compensation as required by the Wage Parity Law.

106.     Defendant's failure to pay Plaintiff and the Class the total compensation as required by the Wage Parity Law was without good faith basis to believe that such failure was in compliance with the law.

107.     Due to Defendant's violations of the Wage Parity Law and N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>**COUNT VI**</u>
**(UNJUST ENRICHMENT – IN THE ALTERNATIVE)**

108.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

109.     If Plaintiff's and the Class's New York Labor Law claim for wages required by the Wage Parity Law fails for any reason, Defendant was unjustly enriched by failing to pay Plaintiff and the Class the total compensation required by the Wage Parity Law.

110.     Defendant was enriched by keeping the underpayment, which is the difference between what it should have paid under the Wage Parity Law and what it actually paid to the Plaintiff and the Class.

111.     By keeping the underpayment, Defendant was enriched at Plaintiff's and the Class Members' expense.

112.     The circumstances of the enrichment are such that equity and good conscience

- 23 -

require restitution to which Plaintiff and the Class are entitled.

<u>**COUNT VII**</u>
**(NYLL – FAILURE TO PAY MINIMUM WAGES)**

113.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

114.    The minimum wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

115.    In violation of N.Y. Labor Law applicable regulations MZL has engaged in a widespread pattern and practice of failing to pay its employees the minimum wage.

116.    By Defendant's knowing or intentional failure to pay Plaintiff and the Class the minimum wage, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

117.    Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid minimum wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

<u>**COUNT VIII**</u>
**(NYLL – FAILURE TO PAY EARNED AGREED-UPON COMPENSATION)**

118.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

119.    The cost and remedies provision of Article 6 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

120.    In violation of N.Y. Labor Law applicable regulations MZL has engaged in a widespread pattern and practice of failing to pay its employees for all time worked.

121.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class for all time worked, Defendant has willfully violated N.Y. Labor Law Art. 6, §§ 198(1-a).

122.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 198(1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Viorica Malancea on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.     Designation of this action as a collective action on behalf of the FLSA Collective members (asserting FLSA claims and NYLL claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims;

B.     Designation of Plaintiff as the Representative of the FLSA Collective;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E.     Certification of this case as a class action pursuant to Rule 23;

F.     Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

G.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

H.      An award of unpaid Wage Parity pay, overtime pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I.      Statutory penalties of $50 for each workday that Defendant failed to provide the Plaintiff and the Class with a wage notice, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

J.      Statutory penalties of $250 for each workweek that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

K.      Pre-judgment interest and post-judgment interest;

L.      Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor  Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

M.      Punitive damages;

N.      Penalties, as provided by law;

O.      Reasonable attorneys' fees and costs of the action; and

P.      Such other relief as this Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Malancea requests trial by jury in this action of all issues so triable.

Dated: Armonk, New York
December 5, 2019

By:      /s/ Steven L. Wittels
Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
Tiasha Palikovic (TP-5697)
WITTELS LAW, P.C.
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

*Lead Counsel for Plaintiff and the Class*

Daniel Hymowitz (DH-0936)
HYMOWITZ LAW GROUP, PLLC
1629 Sheepshead Bay Road
Brooklyn, NY 11235
Telephone: (718) 807-9900
Facsimile: (866) 521-6040
daniel@hymowitzlaw.com

Andrey Belenky
Dmitry Kheyfits
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Phone: (212) 203-5399
Facsimile: (212) 203-6445
abelenky@kheyfits.com
dkheyfits@kheyfits.com

*Co-Counsel for Plaintiff and the Class*