UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

VIORICA MALANCEA,

    Plaintiff,

-against-

MZL HOME CARE AGENCY, LLC,

    Defendant.

-------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM & ORDER

18-CV-00732 (CBA)(TAM)

AMON, United States District Judge:

Plaintiff Viorica Malancea objects to the Report and Recommendation issued by Chief United States Magistrate Judge Cheryl L. Pollak[1] granting a stay in this action. The underlying suit is a purported collective and class action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The current motion relates to Malancea's renewed motion to certify a FLSA collective action, filed on December 20, 2019. On January 29, 2020, MZL notified the Court that similar claims against it had been settled in a state court action, Lutfieva v. MZL Home Care Agency, LLC, No. 159740/2017 (Sup. Ct. N.Y. Cnty.). On February 12, 2020, MZL requested that this action be stayed while the state court parties seek final approval of the

---

[1] Since Magistrate Judge Pollak issued her Report and Recommendation on November 10, 2020, this case has been reassigned to United States Magistrate Judge Taryn A. Merkl.

1

settlement. I referred the motion for a stay to Magistrate Judge Pollak on February 26, 2020. Magistrate Judge Pollak issued her Report and Recommendation on November 10, 2020.

In that Report and Recommendation, Magistrate Judge Pollak recommended granting a stay pending the final approval of the related state court settlement and denying Malancea's motion for conditional certification of a collective action without prejudice. On December 8, 2020, Malancea filed objections to Magistrate Judge Pollak's Report and Recommendation, primarily taking issue with Magistrate Judge Pollak's decision to abstain under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Malancea further objected that Magistrate Judge Pollak's Report and Recommendation "appears to have been drafted without appreciation of the complex facts and law that come into play when a defendant company attempts a collusive reverse auction settlement." (ECF No. 93 ("Pl.'s Obj.") at 4.) Malancea argues that Lutfieva's counsel colluded with defendants in order to negotiate a settlement agreement that provides minimal compensation to the prospective class.

I have thoroughly reviewed Magistrate Judge Pollak's Report and Recommendation as well as Plaintiff's objections, and I find those objections to be without merit. Contrary to Plaintiff's argument, Magistrate Judge Pollak did appreciate "the complex facts and law" related to a "collusive reverse auction settlement," and she ably demonstrated why the evidence here does not evince a collusive reverse auction settlement. (See ECF No. 90 ("R&R") 19-25.) Moreover, an independent review of the state court docket in Lutfieva reveals that Lutfieva's counsel faithfully

prosecuted their case through discovery[2] and belies Malancea's argument that "Lutfieva's counsel barely conducted any discovery prior to entering settlement mode." (Pl.'s Obj. 28.)

In addition, Malancea objects that "repeatedly in the R&R" Magistrate Judge Pollak refers to "claims in Lutfieva's proposed amended complaint as if that complaint were operative" and that "Lutfieva forgot to add" Wage Theft Prevention Act claims to its amended complaint or settlement agreement. (Id. at 14-15.) But Malancea's focus on the "proposed amended complaint" misunderstands the "parallelism" inquiry required under Colorado River. When analyzing whether the two cases are parallel for the purposes of abstention under Colorado River, the relevant inquiry is whether "there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Courchevel 1850 LLC v. 464 Ovington LLC, 16-cv-7185 (NGG) (RER), 2019 WL 1492347, at *3 (E.D.N.Y. Mar. 31, 2019); Sitgraves v. Fed. Home Loan Mortg. Corp., 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017). Accordingly, the relevant document is not Lutfieva's amended complaint—whether or not it is operative—but instead the preliminary settlement agreement itself. The preliminary settlement agreement expressly releases "any FLSA, New York Labor Law and Wage Parity Act claims for unpaid minimum wages, overtime wages,

---

[2] The Lutfieva plaintiffs made broad discovery requests and used proper motions practice to attempt to enforce those requests. A short summary of their discovery practice is as follows: On February 21, 2018, the Lutfieva plaintiffs filed their first sets of pre-class certification interrogatory demands and of pre-class certification demands to produce documents. In total, the Lutfieva plaintiffs made 81 requests covering everything from job-related expenses incurred by employees to financial statements and payment records. See Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Mar. 4, 2019), Dkt. No. 24. About seven months later, the Lutfieva plaintiffs issued their first deficiency letter to MZL, addressing various deficiencies in MZL's initial productions. Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Mar. 4, 2019), Dkt. No. 25. On September 10, 2018, the Lutfieva plaintiffs issued a second deficiency letter to MZL, objecting again to MZL's refusal to produce certain documents. Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Mar. 4, 2019), Dkt. No. 27. After motions practice, the Lutfieva plaintiffs issued their third deficiency letter on January 3, 2019. Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Mar. 4, 2019), Dkt. No. 31. On March 4, 2019, the Lutfieva plaintiffs filed for a motion to compel production of documents. Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Mar. 4, 2019), Dkt. No. 21. Ultimately, the Lutfieva plaintiffs obtained "time and pay records for the Named Plaintiff, along with a sampling for some Putative Class members," upon which they relied in order to brief their motion for class certification. Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Oct. 31, 2019), Dkt. No. 60 at 5.

3

total compensation, liquidated damages, and damages arising out of Defendant's failure [under the Wage Theft Prevention Act] to provide paystubs and wage statements, along with interest and attorneys' fees and costs related to such claims." Lutfieva, No. 159740/2017 (Sup. Ct. N.Y. Cnty. Jan. 29, 2020), Dkt. No. 65 at 18. Magistrate Judge Pollak's finding of parallelism was not premised on an overlap of claims between Malancea's amended complaint and Lutfieva's, but instead on the overlap between Malancea's amended complaint and the preliminary settlement agreement. (See R&R 17-18 (discussing the memorandum of law submitted with the settlement agreement and the specific releases contemplated by the settlement agreement).)

Finally, Malancea objects that Magistrate Judge Pollak "disregard[ed] the presumption to retain [federal] jurisdiction" in finding that a stay under Colorado River is appropriate. (Pl.'s Obj. 26.) This is not the case either. Magistrate Judge Pollak correctly noted that Colorado River abstention applies where federal and state court proceedings are "parallel" and where "exceptional circumstances" justify abstention—the "'potential for conflict' between a state and parallel federal action alone is not enough to justify abstention." (R&R 11 (quoting Colorado River, 424 U.S. at 813).) To assist in determining when "exceptional circumstances" exist, courts weigh six factors:

> (1) the assumption of jurisdiction . . . over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Village of Westfield v. Welch's, 170 F.3d 116, 120-21 (2d Cir. 1999). In evaluating these factors, the Supreme Court has stressed that they should not be treated like "a mechanical checklist," but instead that courts should engage in a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses

H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983). Magistrate Judge Pollak conducted a thorough review of these factors and relying on the third and fourth factors—the avoidance of piecemeal litigation and the order in which jurisdiction was obtained—she appropriately found that exceptional circumstances justified a stay under Colorado River. (R&R 15-19); see also De Cisneros v. Younger, 871 F.2d 305, 307-08 (2d Cir. 1989) (finding abstention appropriate even where the first and second factors "point[ed] toward the exercise of federal jurisdiction"); Gabelli v. Sikes Corp., 90-cv-4904 (JMC), 1990 WL 213119, at *5 (S.D.N.Y. Dec. 14, 1990) (granting a stay under Colorado River pending the disposition of a state court settlement where the "desire to avoid piecemeal litigation and promote judicial economy [we]re concerns that strongly support[ed] the issuance of a stay").

As a result, I adopt Magistrate Judge Pollak's recommendation to stay this case pending the outcome of the state court review of the fairness of the Lutfieva settlement. I also adopt Magistrate Judge Pollak's recommendation to deny Malancea's renewed motion for certification of a collective class, without prejudice to renew if the state court rejects the proposed settlement.

Magistrate Judge Pollak also recommended that I deny the motion to judicially estop Defendants from asserting arguments based on the Lutfieva case, and that I quash the subpoenas and grant a protective order in light of the stay. Malancea does not specifically challenge these rulings in her objections to the R&R. Although Malancea makes the general statement that Magistrate Judge Pollak improperly resolved "the Other Several Motions," (Pl.'s Obj. 39), where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the R&R only for clear error," Forsythe v. NRLB, 14-cv-03127 (NGG), 2016 WL 1215319 at *1 (E.D.N.Y. Mar. 23, 2016) (quoting Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)). I have reviewed the record, and finding no clear error in Magistrate Judge

Pollak's recommendations on these motions, I deny the motion for judicial estoppel and grant the motion to quash the subpoenas and grant a protective order considering the stay, without prejudice to renew the subpoenas should the state court reject the settlement.

SO ORDERED.

Dated: December 1, 2021
      Brooklyn, New York

                                              s/Carol Bagley Amon
                                              Carol Bagley Amon
                                              United States District Judge